LYNN H. PASAHOW (CSB NO. 054283)
lpasahow@fenwick.com
J. DAVID HADDEN (CSB NO. 176148)
dhadden@fenwick.com
DARREN E. DONNELLY (CSB NO. 194335)
ddonnelly@fenwick.com
RYAN A. TYZ (CSB NO. 234895)
rtyz@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:   (650) 988-8500
Facsimile:    (650) 938-5200

Attorneys for Defendants
Amazon.com, Inc. and Borders Group, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SBJ IP HOLDINGS 1, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NETFLIX, INC., AMAZON.COM, INC., and BORDERS GROUP, INC.,<br><br>　　　　　Defendants. | Case No. 3:08-mc-80109 SI<br><br>(U.S.D.C. Eastern District of Texas)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL NON-PARTY VIGNETTE CORPORATION'S COMPLIANCE WITH REQUEST NO. 6 OF SUBPOENA *DUCES TECUM***<br><br>Date:　July 18, 2008<br>Time:　9:00 a.m.<br>Dept.:　Courtroom 10, 19th floor<br>Judge:　The Honorable Susan Illston |

**[REDACTED NON-CONFIDENTIAL PUBLIC VERSION]**

# NOTICE OF MOTION AND MOTION TO COMPEL

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 18, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard, at the United States District Court for the Northern District of California, 450 Golden Gate Ave., California, in the Courtroom of the Honorable Susan Illston, Defendants' Amazon.com and Borders Group, Inc. ( collectively "Defendants") will and hereby do move to compel third party Vignette Corporation ("Vignette"), pursuant to Federal Rules of Civil Procedure 26, 37 and 45, Civil Local Rules 7-1 and 37-1, to produce documents responsive to Request No. 6 of the subpoena *duces tecum* ("the Subpoena").

Defendants' motion is based upon this Notice and Motion, the Memorandum of Points and Authorities, the accompanying Declaration of Ryan Tyz ("Tyz Decl.") in support of Defendants' motion and exhibits attached thereto, the pleadings and papers on file with the Court in this matter, and such further argument and evidence which may be presented at or before a hearing. A Proposed Order is also attached.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants seeks documents from Vignette—the original patentee on a patent being asserted against them—to support their claims and defenses in connection with a lawsuit pending in the United States District Court for the Eastern District of Texas, *SBJ IP Holdings 1, LLC v. Netflix, Inc., Amazon.com, Inc., and Borders Group, Inc.*, Civil Action No. 02: 07-cv-00120 CE (the "SBJ Action"). Plaintiff SBJ Holdings 1, LLC ("SBJ") filed this lawsuit on April 9, 2007 against Defendants alleging infringement of U.S. Patent No. 6,330,592 ("the '592 patent"). SBJ's current lead counsel originally prosecuted the '592 patent, which deals generally with the customized display of web content, for Vignette (and still is Vignette's counsel). After the patent issued, Vignette's counsel then formed SBJ to assert the patent, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Vignette has and continues to have a relationship with SBJ by virtue of the '592 patent assignment and license agreement. Defendants allege that the '592 patent is invalid, and they require the necessary discovery to prove it.

Vignette's primary commercial product, called StoryServer, purportedly embodied the patented subject matter. Whether versions on sale prior to the critical date embodied the patented invention is in dispute. Conversely, whether later versions of the product (ambiguously alleged not to include the patented invention) did, in fact, include it and, if not, how those implementations provided comparable (but unpatented) functionality is also a relevant issue to the claims and defenses in the case.

The StoryServer product is not used "off the shelf" as with common desktop applications like Adobe Acrobat or Microsoft Word. Rather, the product is used as a foundation for the design and development of the solution needed by the customer, including customization and integration with existing technology. As part of the sales and development process, a customer may state its requirements and Vignette sells support services to design and develop a customer solution that includes StoryServer. Both before and after the section 102(b) "critical date" for the '592 Patent, Vignette was offering functionality similar to that Plaintiff now accuses as part of the solutions it could provide to customers—both via its own products and with those of third parties. The customer requirements, how Vignette indicated it could solve them, and the third party technologies available and known to Vignette to do so are relevant to the validity, and potentially unenforceability, of the '592 patent. Defendants seek the documents relating to Vignette's implementation of StoryServer in commercial websites to, *inter alia,* assess the validity of the '592 patent.

Vignette contests neither the relevance nor responsiveness of this information. Vignette has not articulated any reason why producing this information will cause it concrete harm. The protective order in this case alleviates any confidentiality concerns. Plaintiff SBJ claims this information is not within its possession, custody or control, and that Vignette is in a position to produce the requested information, as it relates specifically to Vignette's implementation of its StoryServer product in user websites.

Defendants therefore issued a subpoena to Vignette from this District, where Vignette has a sales office and customers that have implemented StoryServer, for this information. Defendants' have significantly narrowed the scope of its request during the meet-and-confer

1  process to obtain an agreement from Vignette to produce responsive information. Indeed,
2  Defendants have proposed limiting the request to documents referring specifically to the
3  customization, personalization, or recommendation functionalities implemented in Vignette user
4  websites. Nonetheless, Vignette steadfastly refuses to produce any of this information.

5  The information sought by the request is directly relevant and essential to Defendants
6  case. Because Vignette is refusing to produce highly relevant documents, Defendants have no
7  alternative but to seek court assistance. Accordingly, Defendants seek an order compelling
8  Vignette to produce all documents relating to the implementation of StoryServer in user websites
9  dated before the issuance of the '592 patent in its possession, custody or control by a date certain.

10  ## II. STATEMENT OF RELEVANT FACTS

11  ### A. Case Overview

12  SBJ, a company that solely holds and enforces patents, sued Defendants, online shopping
13  website operators, for infringement of the '592 patent. Tyz Decl., ¶3. SBJ purchased this patent
14  from Vignette, ███████████████████████████████ *Id.*, ¶4, Ex. 2.
15  Defendants believe Vignette possesses documents that relate to the implementation and/or
16  incorporation of StoryServer, which purportedly embodies the patented subject matter and
17  integrated prior art personalization technology, in user websites, similar to those offered by
18  Defendants, prior to the issuance of the '592 patent. *See id.*, ¶10, Ex. 8.

19  On May 8, 2008, Defendants subpoenaed Vignette for, among other things, documents
20  relating to the implementation of StoryServer in user websites and dated prior to the issuance of
21  the '592 patent, which is December 11, 2001 ("the Subpoena"). Tyz Decl., ¶5, Ex. 3. Defendants
22  issued the Subpoena out of the Northern District of California where Vignette has a sales office
23  and customers that have implemented the StoryServer product in their commercial websites to
24  offer customized web content. *See id.* Defendants issued the Subpoena because Vignette
25  expressly claimed that the requests contained therein "were outside the scope of the original
26  subpoena" that Defendants issued out of the Western District of Texas that requested very limited
27  information, such as the technical details of the StoryServer product itself. *Id.*, ¶¶7-8, Exs.5-6.[1]

28  ---
[1] The original subpoena was issued when the case was governed by an order issued by the

Subsequently, Vignette filed a motion to quash the instant subpoena on May 13, 2008. Third Party Vignette Corporation's Motion to Quash, Docket No. 1. The parties entered into a stipulation to continue the hearing on Vignette's motion to allow for conference of counsel to resolve informally any disputes regarding the Subpoena. Stipulation and [Proposed] Order Continuing Hearing on Vignette Corporations's Motion to Quash, Docket No. 5. Although Defendants and Vignette were able to resolve six of the seven requests in the Subpoena, a dispute remains over Request No. 6. Tyz Decl., ¶6, Ex. 4. Because the information sought by this request is essential to their case, Defendants were forced to bring the instant motion.

### B.   The Specific Request At Issue

Pursuant to Civil L.R. 37-2, Defendants sets forth the disputed discovery request in full, followed immediately by the objections and/or responses thereto.

**REQUEST FOR PRODUCTION NO. 6:**

All documents relating to the implementation and/or incorporation of STORYSERVER versions 3.1, 3.2, 4.0 or 4.1 in any user or customer websites on or before December 11, 2001.

**VIGNETTE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Vignette Corporation's Motion to Quash, and in the Alternative, For Protection and to Modify Subpoena Issued by Defendants Pursuant to Rule 45(c).

To resolve the dispute over this request, Defendants offered to limit this request to documents that refer to the patented subject matter, *i.e.* personalization, recommendations or customization. Tyz Decl., ¶6, Ex. 4. Vignette rejected this proposal, and offered no counter proposal.

### III.   DISCOVERY ISSUE TO BE DECIDED

Whether a patentee may resist discovery into products and services alleged to embody the patented invention and those that were known to others and commercialized more than one year before the filing date of the patent-in-suit.

---

original judge in the matter, Judge Ward, which permitted discovery to occur prior to the initial scheduling conference in the case but placed specific limits on the scope and type of discovery that could take place. *See* Case No. 02:07-cv-00120 (E.D. Tex.), Docket No. 34.

## IV. ARGUMENT

The Federal Rules permit discovery of information that is relevant to a claim or defense of a party to the action. *See* Fed. R. Civ. P. 26(b)(1). Defendants' request is within the permissible scope of discovery as it is directly relevant to their claim and defense of invalidity, and issues of unenforceability. *See, e.g., Regal Elecs., Inc. v. Pulse Eng'g, Inc.*, 5:03-CV-1296, 2005 U.S. Dist. LEXIS 29955, at *10 (N.D. Cal. Nov. 16, 2005) ("Documents related to . . . prior art may be relevant to the validity and enforceability of a U.S. patent"). Defendants are therefore entitled to discover the extent and scope of prior art systems into which StoryServer, which purportedly embodies the patented subject matter, was implemented to provide personalization, customization and recommendation functionality. This information is likely to reveal the state of the art at the time of the invention and potential prior art systems that would invalidate the '592 patent, as well as alternatives to the purportedly-patented technology. As this information is essential to their case and Vignette has not provided any justification for withholding it, Defendants respectfully request the Court to compel Vignette to produce it immediately.

### A. Request No. 6 Seeks Information Highly Relevant to Invalidity and Other Claims or Defenses

The information sought by Request No. 6 is relevant to Defendants' claim and defense that the '592 patent is invalid, to issues of enforceability, and how the accused functionality can and was provided (with or without use of the patented subject matter). Customers of Vignette's StoryServer product would desire particular functionality now alleged to be patented and Defendants anticipate the discovery will show both how Vignette said it could provide that functionality and other competitive products which could provide similar functionality. For example, a Vignette customers' website system into which an earlier version of StoryServer (whether that version embodies the patented subject matter is in dispute) was implemented, such as 3.1 or 3.2, may constitute, alone or in combination, or disclose, material prior art that would invalidate the patent. Such a system may have provided the very personalization/customization functionality prior to the filing date, which Vignette subsequently patented as its own, or is not materially different from what Plaintiff now alleges infringes. Defendants have learned already

the Vignette was working with a number of web service providers, such as CNET, and other providers of personalization technology, such as Net Perceptions and Firefly, to provide customized web content to users *before* the filing of the '592 patent application. Presumably Vignette was working with other companies in the industry to do the same, and Defendants are entitled to ascertain the state of the art and full scope of potential prior art disclosed via such relationships. If, prior to the critical date, a customer requested personalization functionality and Vignette told that customer it could provide that functionality, either with its own technology, in connection with technology licensed from third parties, or with routine programming or customization, that information would be relevant to the validity of patent-in-suit, the state of and level of skill in the art, as well as the availability of non-infringing alternatives should SBJ contend such pre-critical-date offers for sale did not embody the patented inventions.

Similarly, the implementation of StoryServer versions that purportedly embody the patented feature, e.g. 4.0 and 4.1, may also disclose material prior art and illustrate how the alleged invention differed from what is in the prior art. A customer implementation of StoryServer—that allegedly embodies the patented subject matter—may very well reveal that it was merely a replacement of a combination of products already in use by a particular customer, which is highly relevant to the obvious inquiry. For example, a users' implementation of such StoryServer versions may provide the same or similar personalization functionality that was already being provided by previous StoryServer versions allegedly lacking the patented features in combination with third party personalization products that Vignette also was marketing. At the very least, such subsequent versions will show the actual implementation of the patented feature into commercial websites, which are similar to those offered by Defendants accused of infringement in this case.

Additionally, the information sought by Request No. 6 may prove that the patent is unenforceable for inequitable conduct. Defendants anticipate that the requested discovery will show that customers and Vignette were aware of many products or techniques which were capable of providing the functionality Plaintiff now contends was patented. Information on competing products and techniques may not only lead to other discoverable evidence, but would

show information Vignette was aware of that was withheld from the patent office in prosecution of the '592 Patent. For example, if Vignette learned of material prior art during the prosecution of the '592 while commercializing its StoryServer product, or represented to customers that prior art versions of the product provided the functionality now alleged to be encompassed within the patent, and intentionally withheld it from the patent office during the prosecution of the '592 patent, Defendants' would have a claim that the patent is unenforceable. Without such information, however, Defendants will be unable to fully ascertain whether Vignette learned of any such material prior through its implementation of StoryServer into user websites, which it had a duty to disclose to the patent office.

As Plaintiff SBJ has claimed such information is not within its possession, custody or control, Defendants have a significant need to obtain the requested documentation from Vignette, the original assignee and implementer of the '592 patent.

### B. Vignette Has No Basis for Withholding This Highly Relevant Information

At no point has Vignette disputed the relevance of this information, nor can it. It is well settled that documents tending to evidence prior art are relevant in patent cases, and Vignette's blanket refusal to produce such information is unjustified. Moreover, the Northern District Local Patent Rules mandate the disclosure of information similar to that called for by Request No. 6. *See* Patent L.R. 3-1(f) and 3-2(a)-(b). The only argument proffered by Vignette to date is that the request should be denied because Defendants issued a subpoena to Vignette previously from another district, and there is some overlap between the subpoenas. Vignette's argument is a red herring and should not excuse Vignette's non-compliance with Request No. 6.

As explained above, when Defendant's requested this information during the meet and confer process on the previous subpoena, Vignette took the position that such request was "new" and not covered by that subpoena. *See* Tyz Decl., ¶¶ 7, 9, Exs. 5, 7. To obviate this supposed deficiency, Defendants' issued another subpoena formally requesting such information. The fact that the subpoena issued from this District, where Vignette has sales offices and customers that have implemented StoryServer, is immaterial, and not an attempt at "forum shopping" as Vignette suggests. Vignette has never challenged that the subpoena properly issued from this Court and

DEFENDANTS' MOTION TO COMPEL NON-PARTY VIGNETTE        8        CASE NO. 3:08-MC-80109 SI

the Defendants were required to issue the subpoena from this District to command production at offices of its counsel. *See* Fed. R. Civ. P. 45(a)(2)(C).

In any event, the discovery sought is of undisputed relevance, is of what Vignette explicitly contented was "outside the scope of the original subpoena," and has not been produced. In the end, the information sought by Request No. 6 is relevant—and essential—to Defendants' case, and Vignette persistent refusal to produce it is untenable.

## V. CONCLUSION

For the foregoing reasons, Defendants' respectfully requests that the Court order Vignette to fully comply with Request for Production No. 6 in the Subpoena within ten (10) days of entry of such order.

Dated: June 13, 2008

/s/ Ryan Tyz
Ryan Tyz

LYNN H. PASAHOW (CSB NO. 054283)
lpasahow@fenwick.com
J. DAVID HADDEN (CSB NO. 176148)
dhadden@fenwick.com
DARREN E. DONNELLY (CSB NO. 194335)
ddonnelly@fenwick.com
RYAN TYZ (CSB NO. 234895)
rtyz@fenwick.com

FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:  (650) 988-8500
Facsimile:   (650) 938-5200

Attorneys for Defendants
Amazon.com, Inc. and Borders Group, Inc.

| | |
|---|---|
| 1 | LYNN H. PASAHOW (CSB NO. 054283) |
|   | lpasahow@fenwick.com |
| 2 | J. DAVID HADDEN (CSB NO. 176148) |
|   | dhadden@fenwick.com |
| 3 | DARREN E. DONNELLY (CSB NO. 194335) |
|   | ddonnelly@fenwick.com |
| 4 | RYAN A. TYZ (CSB NO. 234895) |
|   | rtyz@fenwick.com |
| 5 | FENWICK & WEST LLP |
|   | Silicon Valley Center |
| 6 | 801 California Street |
|   | Mountain View, CA 94041 |
| 7 | Telephone:   (650) 988-8500 |
|   | Facsimile:    (650) 938-5200 |

Attorneys for Defendants
Amazon.com, Inc. and Borders Group, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SBJ IP HOLDINGS 1, LLC,, | Case No. 3:08-mc-80109 SI |
| Plaintiff, | (U.S.D.C. Eastern District of Texas) |
| v. | MANUAL FILING NOTIFICATION RE DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL NON-PARTY VIGNETTE CORPORATION'S COMPLIANCE WITH REQUEST NO. 6 OF SUBPOENA *DUCES TECUM* |
| NETFLIX, INC., AMAZON.COM, INC., and BORDERS GROUP, INC., | |
| Defendant. | |
| | Date: July 18, 2008 |
| | Time: 9:00 a.m. |
| | Dept.: Courtroom 10, 19th floor |
| | Judge: The Honorable Susan Illston |

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL NON-PARTY VIGNETTE CORPORATION'S COMPLIANCE WITH REQUEST NO. 6 OF SUBPOENA *DUCES TECUM* (Confidential Version)**

This filing is in paper or physical form only, and is being maintained in the case file in the

MFN RE DEFS. MOTION TO
COMPEL NON-PARTY VIGNETTE                                    CASE NO. 3:08-mc-80109 SI

1  Clerk's office.

2  If you are a participant on this case, this filing will be served in hard-copy shortly.

3  For information on retrieving this filing directly from the court, please see the court's

4  main web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

5  This filing was not efiled for the following reason(s):

6  ___ Voluminous Document (PDF file size larger than efiling system allowances)

7  ___ Unable to Scan Documents

8  ___ Physical Object (description): _____

9  ___ Non Graphical/Textual Computer File (audio, video, etc.) on CD or other media

10  **X** Item Under Seal

11  ___ Conformance with the Judicial Conference Privacy Policy (General Order 53).

12  ___ Other (description): _____

13  Dated: June 13, 2008                    FENWICK & WEST LLP

14

15

16                                          By: */s/ Ryan Tyz*
                                                Ryan Tyz

17                                          LYNN H. PASAHOW (CSB NO. 054283)
                                            lpasahow@fenwick.com
18                                          J. DAVID HADDEN (CSB NO. 176148)
                                            dhadden@fenwick.com
19                                          DARREN E. DONNELLY (CSB NO. 194335)
20                                          ddonnelly@fenwick.com
                                            RYAN TYZ (CSB NO. 234895)
21                                          rtyz@fenwick.com

22                                          FENWICK & WEST LLP
                                            Silicon Valley Center
23                                          801 California Street
                                            Mountain View, CA  94041
24                                          Telephone:   (650) 988-8500
                                            Facsimile:    (650) 938-5200
25

26                                          Attorneys for Defendants
                                            Amazon.com, Inc. and Borders Group, Inc.
27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  LYNN H. PASAHOW (CSB NO. 054283)
   lpasahow@fenwick.com
2  J. DAVID HADDEN (CSB NO. 176148)
   dhadden@fenwick.com
3  DARREN E. DONNELLY (CSB NO. 194335)
   ddonnelly@fenwick.com
4  RYAN A. TYZ (CSB NO. 234895)
   rtyz@fenwick.com
5  FENWICK & WEST LLP
   Silicon Valley Center
6  801 California Street
   Mountain View, CA  94041
7  Telephone:    (650) 988-8500
   Facsimile:    (650) 938-5200
8
   Attorneys for Defendants
9  Amazon.com, Inc. and Borders Group, Inc.

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                         SAN FRANCISCO DIVISION

| SBJ IP HOLDINGS 1, LLC,, | Case No. 3:08-mc-80109 |
|---|---|
| Plaintiff, | (U.S.D.C. Eastern District of Texas) |
| v. | **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO COMPEL NON-PARTY VIGNETTE CORPORATION'S COMPLIANCE WITH REQUEST NO. 6 IN SUBPOENA *DUCES TECUM*** |
| NETFLIX, INC., AMAZON.COM, INC., BARNESANDNOBLE.COM, LLC, and BORDERS GROUP, INC., | |
| Defendant. | |
| | Judge:  The Honorable Susan Illston |

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION TO COMPEL                    Case No. 3:08-mc-80109

1  The Court having reviewed Defendants' Motion to Compel Non-Party Vignette
2  Corporation's Compliance with Request No. 6 of Subpoena *Duces Tecum*, and the other papers
3  filed in support thereof, hereby, for good cause shown, orders that Defendants' motion to compel
4  is granted, and Vignette shall have fifteen (15) days from the date of this order to produce all
5  documents responsive to Request No. 6.
6  **IT IS SO ORDERED**

9  Dated: _____

    _____
10                              The Honorable Susan Illston
                                United States District Judge