1  LYNN H. PASAHOW (CSB NO. 054283)
   lpasahow@fenwick.com
2  J. DAVID HADDEN (CSB NO. 176148)
   dhadden@fenwick.com
3  DARREN E. DONNELLY (CSB NO. 194335)
   ddonnelly@fenwick.com
4  RYAN A. TYZ (CSB NO. 234895)
   rtyz@fenwick.com
5  FENWICK & WEST LLP
   Silicon Valley Center
6  801 California Street
   Mountain View, CA 94041
7  Telephone:    (650) 988-8500
   Facsimile:    (650) 938-5200
8
   Attorneys for Defendants
9  Amazon.com, Inc. and Borders Group, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SBJ IP HOLDINGS 1, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., and BORDERS GROUP, INC.,<br><br>Defendants. | Case No. 3:08-mc-80109 SI<br><br>**DEFENDANTS' OPPOSITION TO THIRD PARTY VIGNETTE CORPORATION'S MOTION TO QUASH AND, IN THE ALTERNATIVE, FOR PROTECTION AND TO MODIFY SUBPOENA ISSUED BY DEFENDANTS PURSUANT TO RULE 45(C)**<br><br>(U.S.D.C. Eastern District of Texas)<br><br>**Date**: August 15, 2008<br>**Time**: 9:00 a.m.<br>**Dept.**: Courtroom 10, 19th floor<br>**Judge**: The Honorable Susan Illston |

DEFENDANTS' OPPOSITION TO
VIGNETTE'S MOTION TO QUASH

Case No. 3:08-mc-80109 SI

1  Defendants hereby oppose third-party Vignette Corporation's ("Vignette") Motion to
2  Quash and, in the Alternative, for Protection and to Modify Subpoena Issued by Defendants
3  Pursuant to Rule 45(c).

**I.    INTRODUCTION**

5  Vignette's motion to quash Defendants' subpoena relies on two false premises: (1) that
6  Defendants' previous subpoena to Vignette sought the same information that Vignette is
7  withholding in response to Defendants' present subpoena that issued from this District, and (2)
8  that Judge Sparks from the Western District of Texas already resolved the present dispute.
9  Vignette is wrong on both accounts.

10  First, Defendants' initial subpoena never requested information relating to the
11  incorporation of Vignette's StoryServer product, which Vignette claims embodies the patent-in-
12  suit, into Vignette's customer solutions. Indeed, the only reason Defendants issued a second
13  subpoena at all was because Vignette took the position that the information which is subject of
14  the parties' motions was "outside the scope of the original subpoena." Vignette cannot have it
15  both ways. While Vignette refused to produce information about customers' implementations in
16  response to Defendants first subpoena, arguing that it was outside the scope of that subpoena, it
17  now seeks to avoid complying with Defendants' second subpoena—which Vignette necessitated
18  and agreed to accept service of—by arguing that it is duplicative of the first subpoena. Vignette
19  has already agreed to produce information under all of the requests in Defendants' second
20  subpoena, except for the one which is the subject of this dispute, demonstrating further that
21  Defendants are not seeking duplicative discovery. As Defendants' have repeatedly informed
22  Vignette, they do not seek any information that was requested and produced previously.
23  Vignette's argument that Defendants' second subpoena amounts to "forum shopping" is merely a
24  red herring to escape producing highly relevant information that is critical to Defendants' case.

25  Second, Vignette suggests that Judge Sparks from the Western District of Texas already
26  issued an order on the merits of Defendants first subpoena. It knows that suggestion is incorrect.
27  In fact, Judge Sparks' one-page order, which was issued prior to *any* briefing by Defendant,
28  instructed Vignette to comply with the subpoena, and to confer with Defendants regarding the

DEFENDANTS' OPPOSITION TO
VIGNETTE'S MOTION TO QUASH        2        Case No. 3:08-mc-80109 SI

scope of the requests and the proper protection of Vignette's confidential information. Vignette's claims to the contrary notwithstanding, it did not make any substantive finding regarding the propriety of Defendants' subpoena, much less the five particular requests contained therein. Pursuant to that order, Defendants and Vignette resolved all issues regarding the subpoena through meet and confer efforts, and the matter was closed as a result. Thus, Vignette cannot genuinely claim that Defendants' present request was subject to Judge Sparks' order, and it should not be allowed to avoid its discovery obligations in this case by doing so.

As for Vignette's other objections for withholding information about the sale, and implementation, of the patented products, they are equally unsupported. As Defendants' pointed out in their motion to compel, which is also presently before the Court, Vignette is the original assignee on the patent-in-suit and sold that patent to Plaintiff SBJ in consideration of a ten-percent interest in the outcome of any litigation on that patent—including this one. Vignette admittedly sells and implements products that allegedly incorporate the patented subject matter. Yet, Vignette hopes to avoid producing information about use of its patented product on unsubstantiated objections, arguing it is merely a disinterested third party that does not need to comply with legitimate discovery requests that are routine in patent cases. Vignette's unsupported objections are inadequate as a matter of law to avoid compliance with Defendants' subpoena request seeking information related to *one* narrow category of documents.

If anything, Vignette's strenuous—albeit unsupported—objections to producing this information raise serious questions about the motives behind them. In the end, this information is highly relevant and important to Defendants' case, and it has yet to be produced. Defendants therefore respectfully request that the Court deny Vignette's motion to quash and order Vignette to produce the requested information immediately.

## II.     BACKGROUND

Defendants' will not repeat the factual background of this discovery dispute, which has been fully briefed in Defendants' Motion To Compel Non-Party Vignette Corporation's Compliance with Request No. 6 of Subpoena *Duces Tecum* (Docket No. 7), which Defendants incorporation herein by reference. However, a few points bear emphasis.

1    First, the two subpoenas, and the parties' correspondence regarding them, confirm that Defendants do not seek from Vignette the same information sought previously. On the contrary, Defendants presently seek a narrow category of documents relating to Vignette's incorporation of StoryServer in commercial websites before the issuance of the '592 patent; whereas, Defendants prior subpoena requested documents relating to Vignette's implementation of the patented subject matter in Vignette's StoryServer product before the filing date of the '592 patent. The correspondence between the parties makes this abundantly clear.

In response to a request for clarification of the materials sought in Request No. 1 of the first subpoena, for example, Defendants explained to Vignette that they sought information showing whether and how the patented subject matter was *implemented in Vignette's StoryServer product*. *See* Declaration of Ryan Tyz in Support of Defendants' Motion to Compel Non-Party Vignette Corporation's Compliance with Subpoena *Duces Tectum* ("Tyz Decl."), Docket No. 8, at Ex. 9 (acknowledging Defendants' explanation of the request). More importantly, correspondence from Vignette expressly acknowledged that the first subpoena was directed at such information (not the information at dispute here): "You have requested documents relating to the incorporation of the patented subject matter in StoryServer, such as design specifications and market requirement documents." *See* Third Party Vignette Corporation's Motion to Quash and, in the Alternative, for Protection and to Modify Subpoena Issued by Defendants Pursuant to Rule 45(c) ("Mot. to Quash"), Ex. F. In that same correspondence, Vignette claimed that all such materials were either produced or no longer existed. *Id*. By its terms, and as Vignette acknowledged at the time, the first subpoena did not seek the same information which Defendants seek here under their subsequent subpoena.

Second, the order that issued out of the Western District of Texas upon which Vignette relies for withholding highly relevant information did not substantively address any of the issues in the first subpoena. Mot. to Quash, Ex. B. That order, which was entered three days after Vignette filed its motion for a protective order and before Defendants could even respond to that motion, merely extended the time for Vignette's compliance with the subpoena and directed the parties to confer on the scope of the subpoena *requests* and the proper protection of Vignette's

DEFENDANTS' OPPOSITION TO
VIGNETTE'S MOTION TO QUASH           4                    Case No. 3:08-mc-80109 SI

confidential information. The court received no briefing from Defendants. The court heard no argument. The court made no considered decision on the merits. Accordingly, the parties met and conferred and were able to come to agreement on all of the requests contained therein without the Court's involvement, as indicated by the Western District of Texas issuing an order closing the matter without prejudice. Mot. to Quash, Ex. E. Through meet and confer efforts, Vignette agreed to produce the information called for by the first subpoena by a date certain pursuant to the agreed upon confidentiality restrictions leaving nothing left to address under the first subpoena. Vignette has simply attempted to mischaracterize that order as fully dispensing its production obligations in the above referenced lawsuit to avoid producing highly relevant documents that are essential to Defendants' case.

## III. ARGUMENT

### A. Vignette's "Forum Shopping" Objection For Withholding A Narrow Category of Highly Relevant Information Is Untenable

Vignette's main argument for its refusal to produce indisputably relevant information is that Defendants have engaged in forum shopping by issuing a second subpoena to Vignette from a different district. Forum shopping, however, is "the selection of a court with an eye towards gaining an advantage based on the forum's favorable substantive law or the avoidance of unfavorable law in an alternative forum." *Zokaites v. Land-Cellular Corp.*, 424 F. Supp. 2d 824, 839 (W.D. Pa. 2006) (citations omitted). "Selecting a forum for convenience is *not* a form of forum shopping." *Id.* (emphasis added); *see also, Manley v. Engram*, 755 F.2d 1463, 1470 (11th Cir. 1985) (making "the knowing but limited choice among *proper* forums" is not forum shopping). Defendants have not engaged in forum shopping merely by issuing a second subpoena to Vignette from a different district for additional relevant information, and Vignette has not offered any legitimate reason in fact or law why it is impermissible for Defendants to issue a second subpoena out of a district other than the Western District of Texas.

On the contrary, a subpoena from this District is the most appropriate given that Vignette has a sales office here where the information at issue likely resides. Vignette's obstructionist response to Defendant's first subpoena and the connection this district has with relevant

documents further show the propriety of the current subpoena. Defendants learned that Vignette worked closely with several local customers, such as CNET, to implement StoryServer into those customers' commercial websites to provide personalization functionality such as that claimed by the patent-in-suit. Because much of the information is likely to be located in this District, it made the most sense for the subpoena for such information to originate from here. Furthermore, in response to the first subpoena, Vignette said it would not produce certain documents but only make them available for inspection in Texas. For production to occur in the Northern District, where Vignette has offices, and Defendants' counsel is located, the subpoena had to issue out of the Northern District. There is nothing nefarious about a subpoena issuing from a district where the documents are likely located and where Defendants' counsel resides. Defendants' do not seek to forum shop, but instead to obtain information to support their case.

Vignette's motion relies on a single case in support of its "forum shopping" argument. That case, *Pacific Bell Internet Servs. v. Recording Indus. Ass'n of Am., Inc.*, C03-3560 SI, 2003 WL 22862662 (N.D. Cal. Nov. 26, 2003), however, is inapposite to the present dispute over whether Defendants may issue a second subpoena out of the Northern District of California for relevant information that was not even contemplated by Defendants' first subpoena. In *Pacific Bell*, this Court declined to hear a declaratory judgment case challenging the issuance of subpoenas from another district, which had yet to rule on the fully briefed subpoena objections. *Id.* In reaching its decision not to exercise jurisdiction over the declaratory judgment action, this Court considered the importance of avoiding duplicative litigation, of deciding legal questions in actual, as opposed to hypothetical controversies, and of "discouraging litigants from filing declaratory relief actions as a means of forum shopping." *Id.* at *5. These factors, none of which are present here, led the Court to transfer the claims to the court in which the subpoenas were pending, where the challenges could easily be addressed in an opposition to a motion to compel or in a motion to quash without creating duplicative litigation. *See id.* Here, there is no pending subpoena, much less any motions, in any other district.

Unlike *Pacific Bell*, Defendants' subpoena does not create duplicative or inconsistent litigation. Vignette consistently told the defendants the material they now seek was outside of the

| DEFENDANTS' OPPOSITION TO VIGNETTE'S MOTION TO QUASH | 6 | Case No. 3:08-mc-80109 SI |

scope of the first subpoena. With Vignette's agreement, its motion for protection concerning the first subpoena was closed before the second subpoena issued. Nor is the Court being asked to decide a hypothetical controversy, or to encourage forum shopping. Rather, Defendants are simply asking Vignette to produce a category of information that Vignette should plainly have foreseen it would have to produce when its counsel formed SBJ to litigate Vignette's patent in exchange for royalties.

In summary, the information at issue was not the subject of Defendants' previous subpoena or the parties' related meet and confer efforts, as Vignette explicitly admitted it was outside the scope of that prior subpoena. Defendants have properly issued the instant subpoena from the Northern District of California for information that Vignette has yet to produce, and Vignette's forum shopping argument, which has no basis in fact or law, is merely an attempt to avoid producing relevant information to prejudice Defendants' case.

**B. <u>Vignette's Other Objections for Avoiding Compliance With Defendants' Request Are Wholly Unsupported</u>**

The party moving to quash or modify a subpoena bears the burden to substantiate its objections. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). Boilerplate objections, such as a general statement of undue burden like Vignette's, are insufficient to avoid compliance with discovery requests in a subpoena. *See, e.g., Nelson v. Capital One Bank*, No. C-01-0079, 2001 U.S. Dist. LEXIS 23141 (N.D. Cal. 2001) (holding that boilerplate, generalized objections are inadequate and tantamount to not making any objection at all). Here, Vignette argues in its motion to quash that the subpoena (1) fails to allow reasonable time for compliance, (2) subjects Vignette to an undue burden, (3) seeks the production of a trade secret or other confidential information, (4) requests irrelevant information, and (5) is unreasonably cumulative and duplicative. However, Vignette has not provided support for any of these boilerplate objections, and therefore they do not provide Vignette any basis for avoiding compliance with Defendants' subpoena.

Despite the fact that Defendants have explained the relevance of the information that is the subject of this motion on numerous occasions, Vignette has steadfastly refused to produce it

DEFENDANTS' OPPOSITION TO
VIGNETTE'S MOTION TO QUASH    7    Case No. 3:08-mc-80109 SI

without articulating any real reason. First, Vignette does not genuinely contend that the subpoena does not allow a reasonable time for compliance, as Vignette has had plenty of time to search for and produce the requested materials. Instead, it has simply chosen not to. Second, Vignette has not articulated any concrete harm from having to comply with Defendants' request, and therefore Vignette's bare assertion of undue burden is insufficient for avoiding compliance with the subpoena. *See FDIC v. Garner*, 126 F.3d 1138, 1146 (9th Cir. 1997) (noting that "we cannot hold that the subpoenas are overbroad or unduly burdensome absent . . . support for this position."). In any event, Defendants only seek a narrow category of information that is limited by time and by subject matter, and any perceived burden is minimal at best.

Third, Vignette has not offered any support for its similarly bare assertion that the subpoena at issue calls for the production of trade secret or other confidential information. Although the party opposing a subpoena on such grounds "must make a strong showing that it has historically sought to maintain the confidentiality of this information," *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006), Vignette has not even attempted to make this showing. To the extent confidentiality is truly a concern, Vignette knows there is already an adequate protective order in this case, which its patent prosecution counsel negotiated and pursuant to which it agreed to produce, and has produced, documents.

Fourth, as explained in detail in Defendants' motion to compel, the information sought is relevant to the claims and defenses in the underlying litigation. *See, e.g.*, *Regal Elecs., Inc. v. Pulse Eng'g, Inc.*, 5:03-CV-1296, 2005 U.S. Dist. LEXIS 29955, at *10 (N.D. Cal. Nov. 16, 2005). As this Court is well aware, discovery on the purportedly-patented product is routinely produced in patent litigation. Here, as Defendant's motion to compel notes, Vignette provides design and development services with its product to customers for them to integrate the functionality with the customers and third-party technology. Defendants expect the discovery they seek will show, for example:

- prior art products that the industry knew could be combined with certain functionality in StoryServer to provide the functionality of the patented technology;

- that the StoryServer functionality was and could be provided in numerous non-

DEFENDANTS' OPPOSITION TO
VIGNETTE'S MOTION TO QUASH                    8                    Case No. 3:08-mc-80109 SI

      infringing ways;

- that the StoryServer functionality was indistinguishable from what is now accused, and was available to Vignette customers using prior art products of which Vignette's inventors were aware, and which were not disclosed to the Patent and Trademark Office; and

- whether any commercial success can be attributable to the patented technology.

While this information normally would be provided as a matter of course from a patentee-plaintiff, in this matter, Vignette's counsel formed SBJ to assert the patent and SBJ claims not to have such information. Vignette is in the best position to produce it, as it relates specifically to Vignette's services in connection with the use of, and demand for, its StoryServer product in customer websites. Vignette has never articulated any basis for why it believes such information is not relevant.

      Fifth, Vignette has failed to establish that the information Defendants seek is unreasonably cumulative or duplicative of materials Defendants have received. Not only has Vignette already admitted that it is "outside the scope of the original subpoena," it has not made any showing that such information has already been produced in this matter in response to any discovery request to plaintiff or any third party, including Vignette. *FDIC*, 126 F.3d at 1146 (noting that the objecting party must identify "specific information as to which document requests are duplicative"). Vignette's objection on cumulative grounds is therefore misplaced.

      Because Vignette has not substantiated any of its boilerplate objections, much less any reason for why it should not be required to produce highly relevant information, it should be ordered to produce the requested information immediately.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANTS' OPPOSITION TO
VIGNETTE'S MOTION TO QUASH       9       Case No. 3:08-mc-80109 SI

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully requests that the Court deny Vignette's Motion to Quash and in the Alternative for Protection and Modify Subpoena Issued by Defendants Pursuant to 45(c), and grant Defendants' motion to compel Vignette to produce information relating to its implementation of the Vignette patented StoryServer product at its customer websites.

Dated: July 25, 2008                         FENWICK & WEST LLP


By: */s/ Ryan Tyz*
　　　　　Ryan Tyz

LYNN H. PASAHOW (CSB NO. 054283)
lpasahow@fenwick.com
J. DAVID HADDEN (CSB NO. 176148)
dhadden@fenwick.com
DARREN E. DONNELLY (CSB NO. 194335)
ddonnelly@fenwick.com
RYAN TYZ (CSB NO. 234895)
rtyz@fenwick.com

FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:    (650) 988-8500
Facsimile:     (650) 938-5200

Attorneys for Defendants
Amazon.com, Inc. and Borders Group, Inc.