1  MARK SPOLYAR (#187673)
   BAKER BOTTS L.L.P.
2  620 Hansen Way
   Palo Alto, California 94304
3  Telephone: (650) 739-7500
   Facsimile:  (650) 739-7699
4  *Email: mark.spolyar@bakerbotts.com*

5
   SUSAN DILLON AYERS (*pro hac vice*)
6  BAKER BOTTS L.L.P.
   98 San Jacinto Boulevard
7  1500 San Jacinto Center
   Austin, Texas 78701
8  Telephone:  (512) 322-2500
   Facsimile:  (512) 322-2501
9  *Email*: sue.ayers@bakerbotts.com

10
   Attorneys for Third-Party
11 VIGNETTE CORPORATION

12
                     **UNITED STATES DISTRICT COURT**
13
                    **NORTHERN DISTRICT OF CALIFORNIA**
14
                        **SAN FRANCISCO DIVISION**
15

16 SBJ IP HOLDINGS 1, LLC,                **CASE NO.  3:08-mc-80109-SI**

17            Plaintiff,                   (U.S.D.C. Eastern District of Texas)

18                                         **THIRD PARTY VIGNETTE
   vs.                                     CORPORATION'S REPLY TO
19                                         DEFENDANTS' OPPOSITION TO THIRD
                                           PARTY VIGNETTE CORPORATION'S
20 NETFLIX, INC., AMAZON.COM, INC.,        MOTION TO QUASH AND, IN THE
   and BORDERS GROUP, INC.                 ALTERNATIVE, FOR PROTECTION
21                                         AND TO MODIFY SUBPOENA ISSUED
                                           BY DEFENDANTS PURSUANT TO RULE
22            Defendants.                  45(C)**

23                                          Date: August 15, 2008
                                            Time: 2:00 P.M.
24                                          Dept.: Courtroom 10, 19th Floor
                                            Judge:  The Honorable Susan Illston
25

26

27

28

1

**TABLE OF CONTENTS**

2                                                                                                    Page

3    ARGUMENT ........................................................................................................... 1

4    A.    Defendants' Texas and California subpoenas each requested all documents
5          relating to the "implementation" of StoryServer. .................................................... 1

6    B.    If Judge Sparks has not resolved the particular dispute at issue here, it is
     only because Defendants sought to avoid his jurisdiction over the Texas
7          subpoena requests and the enforcement of his previous order.............................. 4

8    C.    Defendants' statement that in order for production to occur in this District,
9          a subpoena had to issue out of this District, borders on a lack of candor
     with the Court................................................................................................... 7

10   D.    Vignette has discharged its burden to show that Defendants' requests are
11         unreasonable, burdensome and cumulative............................................................. 9

12   CERTIFICATE OF SERVICE ................................................................................. 12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    In August 2007, Defendants served Vignette with a subpoena issued from the

2   Western District of Texas, requesting, among other things, all documents relating to the

3   "implementation" of StoryServer.  Several months later, when the Defendants were still seeking

4   the production of several categories of information pursuant to that subpoena, they failed to

5   respond to a show cause order issued by Judge Sparks of the Western District.  Following the

6   dismissal without prejudice of the Texas action, Defendants then served Vignette with a subpoena

7   issued from this District, seeking the same subject matter, all documents relating to the

8   "implementation" of StoryServer.

9

10    These facts demonstrate that Defendants failed to prosecute discovery in

11   connection with the Texas subpoena and rather than seek relief from Judge Sparks, issued the

12   same request on the same party in a new District.  Either this was a lack of diligence or

13   intentional gamesmanship designed to (1) avoid the enforcement of Judge Sparks's August 2007

14   order granting Vignette's motion for protection, or (2) obtain some perceived tactical advantage

15   in this District.  Regardless, this conduct is highly wasteful of judicial resources.  For this reason

16   alone the Defendants' subpoena should be quashed.  Their remedies lie with the Western District

17   of Texas, where they can apply to reopen the cause, and argue why they now to deserve to shift

18   the time frame from 1998 to 2001 and to obtain information from Vignette about other third

19   parties' website implementations.

20

21                              **ARGUMENT**

22

23   A.    **Defendants' Texas and California subpoenas each requested all documents
           relating to the "implementation" of StoryServer.**

24

25    The lone remaining request in dispute seeks the production of "All documents

26   relating to the **implementation** and/or incorporation **of StoryServer** versions 3.1, 3.2, 4.0 or 4.1

27   in any user or customer websites on or before December 11, 2001." Ex. J to Mtn. to Quash (Dkt.

28   No. 1), at 5, ¶6.  Defendants maintain that this request seeks "relevant" information that "is

---

routinely produced in patent litigation" and "normally would be provided as a matter of course," but that such a routine request was not included in their original Texas subpoena to Vignette. Defs' Opposition (Dkt. No. 19), at 8, 9. Defendants also argue that they served Vignette with the subpoena issuing out of this district because Vignette took the position that this request was outside the scope of the Texas subpoena. Even if this bald allegation were true, it would not alter the fact that any dispute regarding requests in the Texas subpoena should be submitted to the Texas court. However, this allegation is false.

First, a comparison of the two subpoenas disposes of Defendants' specious claim that this Court is being asked to compel the production of information that was not contemplated by the Texas subpoena or Texas court order. The subpoena issued out of the Western District of Texas requested the production of "All documents relating to the . . . **implementation** . . . **of StoryServer** or the Patent Subject Matter prior to December 5, 1998." Ex. A to Mtn. to Quash (Dkt. No. 1), at 5, ¶1. To distract this Court from the fact that the Texas subpoena demanded the very same information at issue here, Defendants discuss and cite only evidence that relates to the separate request, also contained in the Texas subpoena, for information relating to the implementation of the Patent Subject Matter. *Id.* ("All documents relating to the . . . **implementation** . . . **of** StoryServer or **the Patent Subject Matter** prior to December 5, 1998."); Defs' Opposition (Dkt. No. 19), at 4; Decl. of Ryan Tyz (Dkt. No. 8), at ¶9.

Second, it is clear that the parties interpreted the Texas subpoena as a request for information regarding the implementation of StoryServer in customer web sites. Indeed, Defendants' prior communications regarding their understanding of the scope of the Texas subpoena directly contradict their assertions before this Court. Vignette refused to produce these materials, but not based on any assertion that the request was outside the scope of the Texas subpoena. In March, when the only subpoena in existence was the Texas subpoena, Defendants

were still seeking additional items "pursuant to the Vignette subpoena." 03/24/2008 email from R. Tyz to S. Ayers, attached as Exhibit A. Defendants clarified that the materials sought pursuant to the Texas subpoena included "(2) documents relating to the 'implementation' of story server 3.2 or 4.1 into Vignette customer websites." 03/31/2008 email from R. Tyz to S. Ayers, attached as Exhibit B. The parties' counsel then had several phone conversations regarding Defendants' ongoing requests. Decl. of S. Ayers, attached as Exhibit C, at ¶13.

In writing, Vignette responded that Defendants were requesting some information for the period after December 2001, and thus outside the scope of the original subpoena. 04/11/2008 email from S. Ayers to R. Tyz, attached as Exhibit D ("(4) Your original subpoena requested information regarding StoryServer versions through 12/05/1998. Vignette produced all software versions through that date. What is the basis for this new request of versions post Dec. 2001?"). However, Vignette simply refused to produce information regarding the implementation of StoryServer. *Id.* ("(6) Vignette will not produce information regarding the implementation of v. 3.2 or 4.0 into customer web sites."). Defendants then re-urged the request for information regarding customer implementation of StoryServer pursuant to the Texas subpoena. 04/18/2008 email from R. Tyz to S. Ayers, attached as Exhibit E ("6. As I explained during our call, information regarding customer implementations of Story Server dated prior to December 1998 is highly relevant to, among other things, our defense of invalidity.").

Vignette's objections to this request have always been that it is over broad, unduly burdensome, cumulative, and seeks confidential and irrelevant information. There is no evidence that Vignette took the position this particular request was outside the scope of the Texas subpoena. After Vignette unequivocally refused to produce information regarding implementation of StoryServer into customer websites pursuant to the Texas subpoena, Defendants should have sought relief in the proper forum – Judge Sparks's court in the Western

District of Texas.   Ex. C to Vignette's Mtn. to Quash (Dkt. No. 1), at 3 ("Nothing in this Stipulation shall affect either Defendants' or Vignette's right to seek or object, respectively, to the production of additional information pursuant to the Subpoena."); Ex. E to Vignette's Mtn. to Quash (Dkt. No. 1) ("It is ordered that the above-styled and numbered cause be, and the same is hereby, dismissed without prejudice to the rights of any party herein.").

Because Defendants' request is the subject of the previous Texas subpoena and Texas court order, Vignette asks this Court to quash Defendants' subpoena, and deny Defendants' motion to compel, or in the alternative, to transfer this cause to the Western District of Texas.

**B.    If Judge Sparks has not resolved the particular dispute at issue here, it is only because Defendants sought to avoid his jurisdiction over the Texas subpoena requests and the enforcement of his previous order.**

Defendants next attempt to convince this Court to intervene in this ongoing Texas discovery dispute by insinuating that Judge Sparks granted Vignette's motion for protection rashly, and without considering the substance of the requests or objections.   Defendants appear to be asking this Court to act as a check on another federal district court.   In the alternative, Defendants characterize the order granting Vignette's motion for protection as one instructing Vignette to comply with the subpoena and then represent that the parties agreed to dismissal of the Texas action because they had resolved all issues related to the Texas subpoena.   Nothing could be farther from the truth.   In fact, Defendants re-urged a request for source code pursuant to the Texas subpoena as recently as July 22, 2008.   07/22/2008 email from R. Tyz to S. Ayers, attached as Exhibit F ("Please let me know the status of the StoryServer source code being made available for our review.").   Defendants should not be permitted to select specific requests under the Texas subpoena that they would simply prefer to have resolved by someone other than Judge Sparks.

On August 29, 2007, the Honorable Sam Sparks signed the following order, which

Defendants describe as instructing Vignette to comply with the Texas subpoena.    Defs'

Opposition (Dkt. No. 19), at 2.

> The Court has considered Third Party Vignette Corporation's Motion for Protection and to Modify Subpoena Issued by Defendants Pursuant to Rule 45c and hereby ORDERS that such motion is granted.
>
> The Court also ORDERS that the deadline for compliance with the subpoena served on Vignette be extended to September 28, 2007.
>
> The Court also ORDERS that Vignette and Defendants confer on the scope of the subpoena requests within 10 days and limit the scope of the requests to matters which are relevant to the underlying suit and which do not create an undue burden on Third Party Vignette. The parties are also ORDERED to confer on the proper protection of Vignette's confidential information. The parties are ORDERED to report back to the Court by September 7, 2007 and advise the Court whether an agreement has been reached.

Ex. B to Vignette's Mtn. to Quash (Dkt. No. 1). Defendants' assertion that Judge Sparks made no

"considered decision on the merits" is contradicted by the order itself. Defs' Opp. (Dkt. No. 19),

at 5. Why else would Judge Sparks order that the scope of the requests be limited "to matters

which are relevant to the underlying suit and which do not create an undue burden on Vignette,"

unless he had concluded that Defendants' requests were over broad, irrelevant, and created an

undue burden on Vignette? The fact that Defendants were dissatisfied with the order does not

mean that it was improper or lacking thoughtful consideration. Furthermore, the language of the

Order plainly indicates that the parties' current dispute is within its purview.

More egregious is Defendants' argument that the parties simply acquiesced in

dismissal of the Texas action because all requests in the Texas subpoena had been resolved.

Judge Sparks issued the show cause order on January 10, 2008 and provided twenty days for the

parties to demonstrate why the cause should not be dismissed. Ex. D to Mtn. to Quash (Dkt. No.

1). At that point, Vignette had refused Defendants' requests for the production of StoryServer source code.

On January 14, 2008 a telephone conference regarding the production of source code was conducted between Ryan Tyz, Defendants' counsel in California, and Susan Ayers, Vignette's outside counsel, Bryce Johnson, Vignette's General Counsel, and Conleth O'Connell, Vignette's Chief Technology Officer, in Texas. Ex. C, at ¶9. Immediately after that call, Vignette offered to produce source code for Defendants' review at Vignette's headquarters in Texas. *Id.*, at ¶10. However, Vignette later offered to make that production through Iron Mountain, its source code escrow agent, in Union City, California. *Id.*, at ¶11; Ex. F to Mtn. to Quash (Dkt. No. 1), at 1.

On January 26, Defendants were still rejecting Vignette's conditional offer of source code, were seeking six categories of information pursuant to the Texas subpoena, and were signaling their intent to seek relief from Judge Sparks. 01/26/2008 email from R. Tyz to S. Ayers, attached as Exhibit G ("Given the Court's order to show cause why the matter should remain open, we plan on filing something with the Court on Monday."). However, nothing was filed and the case was dismissed on February 7, 2007. Ex. E to Vignette's Mtn. to Quash (Dkt. No. 1).

Defendants' own communications outside this action belie its untenable contention that the Texas subpoena did not extend to the discovery it now seeks and that the Western District of Texas, which Defendants originally chose, is not the proper forum to resolve this dispute. After the Texas case was dismissed without prejudice, but before the California subpoena was issued, Defendants made at least four additional written requests for the production of information pursuant to the Texas subpoena. 02/20/2008 email from R. Tyz to S. Ayers, attached as Exhibit H; Ex. A ("I would like to discuss some additional items Defendants seek pursuant to

the Vignette subpoena."); Ex. B (pursuant to the Texas subpoena, Defendants request "(2) documents relating to the 'implementation' of story server 3.2 or 4.1 into Vignette customer websites."); Ex. E (discussing unresolved issues under the Texas subpoena).

After the Texas case was dismissed, but before the California subpoena was issued, Vignette produced additional responsive information on at least two occasions. Exs. F & G to Mtn. to Quash (Dkt. No. 1). In response to the Texas subpoena, Vignette has also offered to produce source code in California if Defendants will agree to the entry of a protective order that includes a prosecution bar. Ex. I to Vignette's Resp. to Mtn. to Compel (Dkt. No. 18); 07/25/2008 Ltr. from S. Ayers to R. Tyz, attached as Exhibit I. That dispute must be resolved in the Western District of Texas, pursuant to the October 2007 Agreed Order. Ex. C to Mtn. to Quash (Dkt. No. 1), at 2 ("In the event the parties cannot reach agreement to the terms of a protective order, any dispute will be submitted to this Court for resolution in Cause no. 1:07-mc-000729-SS.").

Defendants should not be permitted to fail to diligently pursue discovery in connection with the Texas subpoena and then argue that the Texas subpoena never contemplated any requests for information regarding the implementation of StoryServer in third-party websites. Furthermore, this Court should not countenance either Defendants' lack of diligence in pursuing discovery pursuant to the Texas subpoena or their dubious gamesmanship in attempting to evade Judge Sparks's discovery order. These tactics have already caused a significant waste of judicial resources in this District.

### C.   Defendants' statement that in order for production to occur in this District, a subpoena had to issue out of this District, borders on a lack of candor with the Court.

Without producing any supporting evidence, Defendants assert that Vignette's responsive information "likely resides" in Vignette's California sales office and that "in response

to the first subpoena, Vignette said it would not produce certain documents but only make them available for inspection in Texas." Defs' Opp. (Dkt. No. 19), at 5, 6. There is absolutely no reasonable basis, much less evidence, for these statements.

Defendants undoubtedly issued their first subpoena out of the Western District of Texas because they were aware that Vignette's corporate headquarters is located there. Ex. C, at ¶¶3, 4, 9, 10. Defendants' counsel exchanged voice mail, email, formal correspondence, and engaged in numerous phone calls with Vignette's counsel in Austin, Texas for eight months before issuing a subpoena out of California. *Id.*, at ¶4. All of the information produced by Vignette thus far resides at Vignette's headquarters in Austin, Texas. *Id.*, at ¶5. Vignette's legal department, which has been responsible for coordinating the response to Defendants' requests, resides in Austin, Texas. *Id.*, at ¶6. In response to several requests in the Texas subpoena, Vignette produced an affidavit by its Chief Technology Officer regarding the development history of StoryServer. Ex. E to Vignette's Resp. to Mtn. to Compel (Dkt. No. 18). That affidavit was executed in Travis County, Texas, where he resides and works. *Id.*; Ex. C, at ¶7. In January 2008, Defense counsel participated in a conference call with that same Vignette Officer, Vignette's outside counsel, and Vignette's General Counsel, all of whom were in Austin, Texas. *Id.*, at ¶9.

Vignette has never "said it would not produce certain documents but only make them available for inspection in Texas." *Id.*, at ¶12. This is a reference to Vignette's original offer to produce source code for review at its headquarters in Austin, Texas. *Id.* By February 2008, Vignette had offered to make this production at Iron Mountain in Union City, California. Ex. F to Mtn. to Quash (Dkt. No. 1). All of Vignette's previous production has been delivered to defense counsel, Fenwick & West, in Mountain View, California. Ex. D to Vignette's Resp. to Mtn. to Compel (Dkt. No. 18); Ex. A ("Sue, thank you for the attached documents.").

There is no reasoned basis for thinking that after almost a year, in which thousands of pages of documents, software, and a hard drive have been located in Austin, Texas and produced to Defendants in Mountain View, California, responsive information will be found in California or will only be produced to Defendants in Texas.

**D.    Vignette has discharged its burden to show that Defendants' requests are unreasonable, burdensome and cumulative.**

Defendants assert that the May 8th subpoena served on Vignette's agent for service of process in California, and demanding production of responsive materials within five days, provided Vignette with "plenty of time to search for and produce the requested materials." Defs' Opp. (Dkt. No. 19), at 8.  To the contrary, Vignette has ascertained that more than 1,000 customers licensed StoryServer prior to December 11, 2001.  Ex. K to Vignette's Resp. to Mtn. to Compel, at ¶16.  Any information that Vignette possesses about those customers' website systems or products is subject to confidentiality agreements that require the customers be afforded notice and an opportunity to object to the production of the information.  *Id.* at ¶¶17, 18.  It would take no less than 1,600 hours to locate responsive materials and 280 hours to produce them.  *Id.* at ¶¶20-21.  Defendants should not be able to shift the costs of this fishing expedition for other third parties' proprietary information onto Vignette.

Defendants' repeated assurances to this Court that there is "already an adequate protective order in this case" are particularly offensive in light of the parties' ongoing dispute regarding the inadequacy of the Interim Protective Order entered in the underlying litigation in the Eastern District of Texas.  *See* Ex. H to Vignette's Resp. to Mtn. to Compel (Dkt. No. 18).  Judge Sparks did not automatically adopt any protective order entered in the underlying litigation.  He ordered the parties to confer on the proper protection of confidential information.  Ex. B to Mtn. to Quash (Dkt. No. 1).

In order to secure production from Vignette, Defendants agreed that Vignette could seek protections greater than those afforded by any order that might be entered by the Eastern District of Texas in the underlying litigation.    Moreover, Defendants agreed that any disputes over the terms of a protective order would be submitted to Judge Sparks:

> All information produced by Vignette to Defendants in response to the subpoena shall be afforded the protections in Eastern District of Texas Patent Rule 2-2, until a protective order is entered by the Eastern District of Texas in the underlying lawsuit, Cause no. 2:07-cv-00120-TJW, at which time Vignette shall be afforded all of the protections contained therein.    However, **Vignette shall have the right to object to the terms and negotiate additional or different terms if it reasonably believes that the protective order does not afford adequate safeguards for its confidential or proprietary information and documents.**

> Defendants shall meet and confer with Vignette in good faith regarding any additional protections sought by Vignette following the entry of a protective order in the underlying litigation. **In the event the parties cannot reach agreement to the terms of a protective order, any dispute will be submitted to this Court for resolution in Cause no. 1:07-mc-000729-SS.**

Ex. C to Mtn. to Quash (Dkt. No. 1), at 2 (emphasis added).

Defendants are well aware that Vignette objects to the unilateral prosecution bar contained in the Interim Protective Order in the underlying case.    *See* Ex. I to Vignette's Resp. to Mtn. to Compel (Dkt. No. 18); Ex. I.    So far, Defendants have refused to agree to the entry of a protective order that contains a prosecution bar providing Vignette with the same protection Defendants have secured for themselves.

For these reasons Vignette asks this Court to grant its motion to quash, deny Defendants' motion to compel, or in the alternative, to transfer this dispute to the Western District of Texas for resolution by the Honorable Sam Sparks.

1  DATED:  August 1, 2008                BAKER BOTTS L.L.P.

2

3                                        By: /s/ Susan Dillon Ayers
                                             Susan Dillon Ayers  (*pro hac vice*)
4                                            98 San Jacinto Boulevard
                                             1500 San Jacinto Center
5                                            Austin, Texas  78701
                                             Telephone:  (512) 322-2500
6                                            Facsimile:  (512) 322-2501
                                             sue.ayers@bakerbotts.com
7

8                                        MARK SPOLYAR (#187673)
                                         BAKER BOTTS L.L.P.
9                                        620 Hansen Way
                                         Palo Alto, California 94304
10                                       Telephone: (650) 739-7500
                                         Facsimile:  (650) 739-7699
11                                       mark.spolyar@bakerbotts.com
                                         Attorneys for Third Party
12                                       VIGNETTE CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

     The undersigned certifies that a true, correct and complete copy of the foregoing

3

instrument was served on the following persons on the 1st of August, 2008 by ECF/CM and

4

email:

5

6
          Ryan A. Tyz
          FENWICK & WEST

7
          Silicon Valley Center
          801 California Street

8
          Mountain Valley, CA  94041
          rtyz@fenwick.com

9

10
          Eric Manchin
          KAESKE LAW FIRM

11
          1301 West 25th Street
          Suite 406

12
          Austin, TX  78705
          emanchin@kaeskelaw.com

13

14
          Eric M. Albritten
          ALBRITTEN LAWFIRM

15
          P.O. Box 2649
          Longview, Texas 75606-2649

16
          ema@emafirm.com

17
          Blake C. Erskine

18
          ERSKINE AND MCMAHON, L.L.P.
          521 N. Second Street

19
          P.O. Box 3485
          Longview, Texas  75606

20
          blakee@erskine-mcmahon.com

21
                                   /s/ Susan Dillon Ayers

22
                                   Susan Dillon Ayers

23

24

25

26

27

28

# EXHIBIT A

## Ayers, Sue

| | |
|---|---|
| **From:** | Ryan Tyz [RTyz@fenwick.com] |
| **Sent:** | Monday, March 24, 2008 8:05 AM |
| **To:** | Ayers, Sue |
| **Subject:** | RE: SBJ v. Netflix Documents |

Sue, thank you for the attached documents. We are amenable to Vignette making the source code for Story Server versions 3.2 and 4.1 available at its third party escrow agent in Union City, California. Please note that we reserve our right to seek actual production of these materials at a later date to the extent necessary for our defense. Please let us know when the source code will be available for our review. Additionally, I would like to discuss some additional items Defendants seek pursuant to the Vignette subpoena. I am available any time to discuss.

Regards,

Ryan

**FENWICK & WEST LLP**

**R Y A N  T Y Z**
Fenwick & West LLP
Associate, Litigation Group
☎  (650) 335-7135
🖷  (650) 938-5200
✉  rtyz@fenwick.com

---

**From:** sue.ayers@bakerbotts.com [mailto:sue.ayers@bakerbotts.com]
**Sent:** Thursday, March 20, 2008 11:45 AM
**To:** Ryan Tyz
**Subject:** FW: SBJ v. Netflix Documents

Ryan:

Find attached a cover letter and documents relating to Net Perceptions and CNET.

Regards, Sue

<<NetPerceptions Agmts2.zip>> <<CNET Inc. - NDA - 16FEB96-CUST-AMER-VIGN.pdf>> <<CNET Inc. (Prism) - JDA-19JUL96 Letter Amendment15AUG98-PART-AMER-VIGN.pdf>> <<Letter to Ryan Tyz - SBJ v Netflix.pdf>>

*Susan Dillon Ayers*
Attorney
Baker Botts L.L.P.
1500 San Jacinto Center
98 San Jacinto Boulevard
Austin, Texas 78701-4039
512.322.2663 (Telephone)
512.750.6748 (Cell)

7/31/2008

# EXHIBIT B

## Ayers, Sue

| | |
|---|---|
| **From:** | Ryan Tyz [RTyz@fenwick.com] |
| **Sent:** | Monday, March 31, 2008 8:08 AM |
| **To:** | Ayers, Sue |
| **Subject:** | RE: SBJ v. Netflix Documents |

Sue:

I am following up on your email below. Any news on the source code? Also, as for additional materials, defendants request the production of (1) a copy of each storyserver version and accompanying documentation sold after December 2001, and (2) documents relating to the "implementation" of story server 3.2 or 4.1 into Vignette customer websites. Please let me know when you are free to discuss.

Regards,

Ryan

---

**From:** sue.ayers@bakerbotts.com [mailto:sue.ayers@bakerbotts.com]
**Sent:** Monday, March 24, 2008 8:11 AM
**To:** Ryan Tyz
**Subject:** RE: SBJ v. Netflix Documents

Ryan:

We are contacting Iron Mountain so that we have information about all the details of producing at this location. As soon as I have that information, I'll email you to set us a call when we can discuss it. In the meantime, if there are other documents you want to identify by email, that might make the call more productive too.

Regards, Sue

> -----Original Message-----
> **From:** Ryan Tyz [mailto:RTyz@fenwick.com]
> **Sent:** Monday, March 24, 2008 8:05 AM
> **To:** Ayers, Sue
> **Subject:** RE: SBJ v. Netflix Documents
>
> Sue, thank you for the attached documents. We are amenable to Vignette making the source code for Story Server versions 3.2 and 4.1 available at its third party escrow agent in Union City, California. Please note that we reserve our right to seek actual production of these materials at a later date to the extent necessary for our defense. Please let us know when the source code will be available for our review. Additionally, I would like to discuss some additional items Defendants seek pursuant to the Vignette subpoena. I am available any time to discuss.
>
> Regards,
>
> Ryan
>
> FENWICK & WEST LLP
> **RYAN TYZ**
> Fenwick & West LLP
> Associate, Litigation Group

7/28/2008

# EXHIBIT C

MARK SPOLYAR (#187673)
BAKER BOTTS L.L.P.
620 Hansen Way
Palo Alto, California 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: mark.spolyar@bakerbotts.com

SUSAN DILLON AYERS (*pro hac vice*)
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard
1500 San Jacinto Center
Austin, Texas 78701
Telephone: (512) 322-2500
Facsimile: (512) 322-2501
Email: sue.ayers@bakerbotts.com

Attorneys for Third-Party
VIGNETTE CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SBJ IP HOLDINGS 1, LLC,<br><br>       Plaintiff,<br><br>vs.<br><br>NETFLIX, INC., AMAZON.COM, INC., and BORDERS GROUP, INC.<br><br>       Defendants. | CASE NO. 3:08-mc-80109-SI<br><br>(U.S.D.C. Eastern District of Texas)<br><br>**DECLARATION OF SUSAN DILLON AYERS IN SUPPORT OF THIRD PARTY VIGNETTE CORPORATION'S REPLY TO DEFENDANTS' OPPOSITION TO THIRD PARTY VIGNETTE CORPORATION'S MOTION TO QUASH AND, IN THE ALTERNATIVE, FOR PROTECTION AND TO MODIFY SUBPOENA ISSUED BY DEFENDANTS PURSUANT TO RULE 45(C)**<br><br>Date: August 15, 2008<br>Time: 2:00 P.M.<br>Dept.: Courtroom 10, 19th Floor<br>Judge: The Honorable Susan Illston |

I, Susan Dillon Ayers, hereby declare as follows:

1.    I am an attorney duly licensed to practice in Texas and am an associate at the law firm of Baker Botts L.L.P., counsel for Third-Party Vignette Corporation ("Vignette") in this matter. I have personal knowledge of the matters set forth herein, and if called upon to do so, I could and would testify competently thereto.

2.    I hereby certify that I have in good faith attempted to meet and confer with Defendants Amazon.Com, Inc. and Borders Group, Inc.'s ("Defendants") counsel in an effort to resolve the dispute that is the subject of this motion without court action, as required by Fed. R. Civ. P. 37 and Civil L.R. 37-1(a).

3.    Vignette's corporate headquarters are located in Austin, Texas.

4.    Defendants' counsel exchanged voice mail, email, formal correspondence, and engaged in numerous phone calls with Vignette's counsel in Austin, Texas for eight months before issuing a subpoena out of California.

5.    All of the information produced by Vignette thus far resides at Vignette's headquarters in Austin, Texas.

6.    Vignette's legal department, which has been responsible for coordinating the response to Defendants' discovery requests, resides in Austin, Texas.

7.    Vignette's Chief Technology Officer, Conleth O'Connell, resides and works in Austin, Texas.

8.    All of Vignette's previous production has been delivered to defense counsel, Fenwick & West, in Mountain View, California.

9.    On January 14, 2008 a telephone conference regarding the production of source code was conducted between Ryan Tyz, Defendants' counsel in California, and Susan Ayers, Vignette's outside counsel, Bryce Johnson, Vignette's General Counsel, and Conleth O'Connell,

1  Vignette's Chief Technology Officer, in Texas.

2        10.    Immediately after that call, Vignette offered to produce source code for

3  Defendants' review at Vignette's headquarters in Austin, Texas.

4        11.    By February 2008, Vignette had offered to produce its source code at Iron

5  Mountain in Union City, California.

6

7        12.    Vignette has never "said it would not produce certain documents but only make

8  them available for inspection in Texas."  In a phone call on July 28, 2008 Defendants' counsel,

9  Ryan Tyz, explained that this is a reference to Vignette's original offer to produce source code for

10  review at its headquarters in Austin, Texas.

11

12        13.    Following the February 7, 2008 dismissal of Case No. 1:07-mc-000729-SS in the

13  Western District of Texas, I continued to meet and confer with counsel for Defendants to resolve

14  outstanding requests pursuant to the August 2007 subpoena issued from the Western District of

15  Texas.  Those efforts have continued through the present day, as evidenced by Defendants' July

16  22, 2008 request for the production of StoryServer source code pursuant to the Texas subpoena.

17        14.    I declare under penalty of perjury that the foregoing statements are true and correct,

18  and that I executed this declaration on August 1, 2008 in Austin, Travis County, Texas.

1  DATED:  August 1, 2008                    BAKER BOTTS L.L.P.

2

3                                             By: /s/ Susan Dillon Ayers

                                                 Susan Dillon Ayers  (*pro hac vice*)
4                                                98 San Jacinto Boulevard
                                                 1500 San Jacinto Center
5                                                Austin, Texas  78701
                                                 Telephone:  (512) 322-2500
6                                                Facsimile:  (512) 322-2501
                                                 sue.ayers@bakerbotts.com
7

8                                             MARK SPOLYAR (#187673)
                                              BAKER BOTTS L.L.P.
9                                             620 Hansen Way
                                              Palo Alto, California 94304
10                                            Telephone: (650) 739-7500
                                              Facsimile:  (650) 739-7699
11                                            mark.spolyar@bakerbotts.com
                                              Attorneys for Third Party
12                                            VIGNETTE CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

CERTIFICATE OF SERVICE

2

The undersigned certifies that a true, correct and complete copy of the foregoing

3

instrument was served on the following persons on the 1 August, 2008 by ECF/CM and email:

4

5         Ryan A. Tyz
          FENWICK & WEST
6         Silicon Valley Center
          801 California Street
7         Mountain Valley, CA  94041
          rtyz@fenwick.com

8

9         Eric Manchin
          KAESKE LAW FIRM
10        1301 West 25th Street
          Suite 406
11        Austin, TX  78705
          emanchin@kaeskelaw.com

12

13        Eric M. Albritten
          ALBRITTEN LAWFIRM
14        P.O. Box 2649
          Longview, Texas 75606-2649
15        ema@emafirm.com

16

17        Blake C. Erskine
          ERSKINE AND MCMAHON, L.L.P.
18        521 N. Second Street
          P.O. Box 3485
          Longview, Texas  75606
19        blakee@erskine-mcmahon.com

20                                        /s/ Susan Dillon Ayers
                                          Susan Dillon Ayers
21

22

23

24

25

26

27

28

# EXHIBIT D

## Ayers, Sue

| | |
|---|---|
| **From:** | Ayers, Sue |
| **Sent:** | Friday, April 11, 2008 5:41 PM |
| **To:** | 'Ryan Tyz' |
| **Cc:** | Grabski, Eric |
| **Subject:** | RE: SBJ v. Netflix Documents |

Ryan:

(1) You asked for, & Vignette agreed to produce, source code for versions 3.1 & 4.0. Is your reference to source code for 3.2 & 4.1 in the 03/24/2008 email below a typo?

(2) Below is the fee schedule for Iron Mountain. The $500 per diem rate is not per day that the source code is held & available, but per visit to the facility to actually view the source code. They require payment in advance.

| **Discovery Escrow Agreement** | |
|---|---|
| One Time Set-up fees: | $1,05( |
| Annual Storage fees (deposit maintenance and handling): | $4,50( |
| | Pe |
| | Deposi |

| **Secure Discovery Facility Usage:** | |
|---|---|
| Discovery Facility Per Diem | $50( |
| Minimum # days paid in advance | 1( |
| Client may buy additional blocks of five (5) days payable in advance | |

(3) Iron Mountain also requires the following information for persons who will be authorized to access the source code. Please provide this so we can finalize the contracts.

Individual Name(s) of Authorized Personnel

Place of Employment -- Company/Firm Name

Address/Phone(s)/Email/Fax

(4) Your original subpoena requested information regarding StoryServer versions through 12/05/1998. Vignette produced all software versions through that date. What is the basis for this new request of versions post Dec. 2001?

(5) Last I knew there were competing motions for entry of a final protective order. Please send me the P.O. that is in place so I know how it applies to source code.

(6) Vignette will not produce information regarding the implementation of v. 3.2 or 4.0 into customer web sites.

Regards, Sue

*Susan Dillon Ayers*

# EXHIBIT E

## Ayers, Sue

| | |
|---|---|
| **From:** | Ryan Tyz [RTyz@fenwick.com] |
| **Sent:** | Friday, April 18, 2008 7:08 PM |
| **To:** | Ayers, Sue |
| **Cc:** | Grabski, Eric |
| **Subject:** | RE: SBJ v. Netflix Documents |

Sue:

I write in response to your email below and further to our conversation regarding the same.

1. You are correct that we offered to accept the expedited production of StoryServer versions 3.1 and 4.0 source code as an initial compromise to obtain the such information at our offices. We are still amenable to providing Vignette further assurances to protect the confidentiality of the Story Server code to obtain the production of these versions at our offices. To date, however, Vignette has agreed only to make source code available at a third party escrow many miles away from our offices. Also, our offer was premised on the understanding that we would receive the technical documents describing the incorporation of the patented feature into Story Server; but we have not received any such documents. Since we bear the expense and burden of traveling to review these materials, and have no other materials describing the incorporation of the patented feature into Story Server, we request that Vignette also make versions 3.2 and 4.1 available at the same time so we can understand the entire introduction of the patented feature into Story Server, and to avoid having to pay an additional set up fee and make numerous trips to the escrow agent which would happen to the extent we needed to view those versions at a later date. Please confirm that Vignette will produce the code to us for 3.1 and 4.0 at our offices under certain additional protections, or that it will make the source code for versions 3.1, 3.2, 4.0 and 4.1 available at Iron Mountain.

2/3. Once we receive confirmation regarding the above, we will supply you with the information requested by Iron Mountain.

4. As we discussed, although the original subpoena only requested Story Server versions through December 1998, we are requesting a copy of each Story Server version released after the issuance of the patent-in-suit, as provided to the customer, including any accompanying documentation. As I explained, this information is relevant to our marking defense and, is especially important, given the lack of a marking provision in the license grant back. I will be providing an amended subpoena shortly.

5. A final protective order has yet to be entered. We are therefore still operating under the interim protective order.

6. As I explained during our call, information regarding customer implementations of Story Server dated prior to December 1998 is highly relevant to, among other things, our defense of invalidity. For example, a Vignette customer system may constitute, alone or in combination, or disclose, material prior art that would invalidate the patent-in-suit. The implementation of Story Server versions (that have the patented feature) may similarly reveal prior art and will at least show the actual implementation of the patented feature on commercial websites, such as those accused in this case. For example, a customer implementation of Story Server 4.1 may reveal that it was merely a replacement of a combination of products already in use by that customer, which is highly relevant to the obvious inquiry. We are willing to limit our request to the customer implementations of Story Server versions 3.1, 3.2, 4.0 and 4.1. Please confirm that Vignette will produce these materials.

Please contact me if you have any questions.

Regards and have a good weekend,

Ryan

7/28/2008

# EXHIBIT F

## Ayers, Sue

| | |
|---|---|
| **From:** | Ryan Tyz [RTyz@fenwick.com] |
| **Sent:** | Tuesday, July 22, 2008 4:32 PM |
| **To:** | Ayers, Sue |
| **Subject:** | Vignette Subpoena |

Sue,

Please let me know the status of the StoryServer source code being made available for our review.  Also, per our previous discussions, we propose the following affidavit language regarding marking:

1. Vignette has offered for sale and sold after December 11, 2001 through the present products that embody subject matter claimed in U.S. Patent 6339592 ("the '592 patent");

2. Vignette and SBJ entered into a "Patent Purchase Agreement" on January,18 2007 for the '592 patent, pursuant to which Vignette received a "license back" to continue to make, offer to sell, and sell current and future products that practice rights under the '592 patent; and

3. Vignette has not fixed the word "patent" or "pat." with the number of the patent (6339592) to, or otherwise marked, any Vignette Products that practice claims of the '592 patent, or to any packaging or documentation associated therewith, that were offered for sale and sold on or after December 11, 2001 through the present.

If you have any questions or comments, please contact me.  Thanks.

Regards,

Ryan


FENWICK & WEST LLP

**RYAN TYZ**
Fenwick & West LLP
Associate, Litigation Group
☎ (650) 335-7135
🖨 (650) 938-5200
✉ rtyz@fenwick.com
------------------------------------
IRS Circular 230  Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
------------------------------------

ATTENTION:
The information contained in this message may be legally privileged and confidential.  It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

EXHIBIT G

**Ayers, Sue**

| | |
|---|---|
| **From:** | Ayers, Sue |
| **Sent:** | Saturday, January 26, 2008 8:38 PM |
| **To:** | 'RTyz@fenwick.com' |
| **Subject:** | Re: Got your voice mail |

I will draft something you can review. As for source code I am curious how you will argue to J Sparks that Vignette's offer is unreasonable. Your Prot Order contmplates production of source code at a location other than outside counsel's ofc.

----- Original Message -----
From: Ryan Tyz <RTyz@fenwick.com>
To: Ayers, Sue
Sent: Sat Jan 26 11:07:35 2008
Subject: RE: Got your voice mail

Sue,

I got your message, but was tied up yesterday afternoon.  Please let me know whether Vignette agrees to produce the following items (to the extent they exist in Vignette's possession, custody, or control) by a date certain:

1.  Source code for versions 3.1 and 4.0 of StoryServer.

2.  Documents relating to the implementation of the patented subject matter in StoryServer, such as design specifications and market requirement documents.

3.  Documents sufficient to corroborate the dates of conception and/or reduction to practice of each claim of the patent-in-suit, and the person(s) conceiving such claim.

4.  All agreements with third parties that provide personalization, caching, collaborative filtering, content labeling, and/or similar functionality.

5.  Communications referring to any analysis and/or operation of the Netflix, Amazon, or Borders websites.

6.  All documents and communications with SBJ or its counsel relating to this action.

I have explained the relevance of this information on multiple occasions, narrowed the subpoena requests to avoid any burden on Vignette, and agreed to afford Vignette additional confidentiality protections.  Given the Court's order to show cause why the matter should remain open, we plan on filing something with the Court on Monday.

Thanks,

Ryan

<http://fenwick.com/attorneys/4.2.1.asp?aid=587> Ryan Tyz I Fenwick & West LLP Silicon Valley Center
801 California St.
Mountain View,  CA 94041
(650) 335-7135
rtyz@fenwick.com

_____

From: sue.ayers@bakerbotts.com [mailto:sue.ayers@bakerbotts.com]
Sent: Friday, January 25, 2008 11:10 AM
To: Ryan Tyz
Subject: Got your voice mail

# EXHIBIT H

## Ayers, Sue

| | |
|---|---|
| **From:** | Ryan Tyz [RTyz@fenwick.com] |
| **Sent:** | Wednesday, February 20, 2008 5:28 PM |
| **To:** | Ayers, Sue |
| **Subject:** | SBJ v. Netflix et al. |

Sue,

During our last telephone conversation you indicated that Vignette had located additional materials responsive to the subpoena, and that you were going to provide a stipulation outlining the scope of Vignette's production in response to the outstanding requests therein.  To date, neither the materials nor the proposed stipulation have been provided to us.  Please provide a date certain by when Vignette will complete its production of responsive materials.

Regards,

Ryan

**FENWICK & WEST LLP**
**RYAN TYZ**
Fenwick & West LLP
Associate, Litigation Group
☎ (650) 335-7135
🖷 (650) 938-5200
✉ rtyz@fenwick.com
-------------------------------------------

IRS Circular 230  Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
-------------------------------------------

ATTENTION:
The information contained in this message may be legally privileged and confidential.  It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

# EXHIBIT I

# BAKER BOTTS LLP

1500 SAN JACINTO CENTER    AUSTIN
98 SAN JACINTO BLVD.       BEIJING
AUSTIN, TEXAS              DALLAS
78701-4078                DUBAI
                         HONG KONG
TEL  +1 512.322.2500      HOUSTON
FAX +1 512.322.2501       LONDON
www.bakerbotts.com        MOSCOW
                         NEW YORK
                         PALO ALTO
                         RYADH
                         WASHINGTON

July 25, 2008

VIGNETTE CORPORATION
Netflix/Amazon Subpoena
068422.0106

Susan Dillon Ayers
TEL  +1 512.322.2663
FAX +1 512.322.8390
sue.ayers@bakerbotts.com

BY ELECTRONIC MAIL

Ryan Tyz
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041

Eric Manchin
Kaeske Law Firm
1301 West 25th Street, Suite 406
Austin, Texas  78705

        Re:    *SBJ Holdings 1, LLC v. Netflix, et al.*

Dear Ryan:

        I am writing in response to your email of July 22, 2008.

        Vignette is ready and willing to produce the source code for StoryServer versions 3.1, 3.2, 4.0, and 4.1 under previously agreed-upon conditions if Defendants will agree to the entry of a protective order containing a prosecution bar that provides Vignette with protection equivalent to that Defendants have secured for themselves in the underlying litigation.

        I have previously proposed that we file in the Western District of Texas a joint motion and order that relies on the text of the Interim Protective Order entered in the underlying litigation with the addition of language that makes the prosecution bar applicable to Defendants. In response, you proposed that we rely on the text of Defendants' Proposed Protective Order that has been filed, but not entered, in the underlying litigation.  That Proposed Order does not contain a prosecution bar applicable to Defendants and I understand that your are not offering to modify the Proposed Order to include one.  If I am mistaken, please let me know immediately and I will carefully review all other terms of the Proposed Order to determine whether they are acceptable to Vignette and will draft a joint motion for filing in the Western District of Texas.

        In previous conversations you have expressed the opinion that it would be difficult, if not impossible, for Defendants to retain experts who would agree to be bound by the terms of the prosecution bar that currently applies to SBJ in the underlying litigation. For that reason, it appears that Defendants will not agree to be bound by any prosecution bar, but insist

**BAKER BOTTS** LLP

Ryan Tyz                                    - 2 -                                    July 25, 2008

on the production of Vignette's source code nonetheless. In that case, Vignette will not produce its source code except under court order. In response to any motion to compel the production of Vignette's source code, we will ask the court to enter a protective order that contains a prosecution bar similar to the one that applies unilaterally to SBJ in the underlying litigation.

   I am also in receipt of your proposed language for an affidavit regarding "marking" and have provided it to Vignette for review and comment.

        Sincerely,

        Susan Dillon Ayers

SDA:sda