1   LYNN H. PASAHOW (CSB NO. 054283)
    lpasahow@fenwick.com
2   J. DAVID HADDEN (CSB NO. 176148)
    dhadden@fenwick.com
3   DARREN E. DONNELLY (CSB NO. 194335)
    ddonnelly@fenwick.com
4   RYAN A. TYZ (CSB NO. 234895)
    rtyz@fenwick.com
5   FENWICK & WEST LLP
    Silicon Valley Center
6   801 California Street
    Mountain View, CA  94041
7   Telephone:    (650) 988-8500
    Facsimile:    (650) 938-5200
8
    Attorneys for Defendants
9   Amazon.com, Inc. and Borders Group, Inc.

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13

14  SBJ IP HOLDINGS 1, LLC,              Case No.  3:08-mc-80109 SI

15             Plaintiff,                **REPLY BRIEF IN SUPPORT OF
                                         DEFENDANTS' MOTION TO COMPEL
16  v.                                   NON-PARTY VIGNETTE
                                         CORPORATION'S COMPLIANCE WITH
17  AMAZON.COM, INC., and BORDERS        REQUEST NO. 6 OF SUBPOENA *DUCES
    GROUP, INC.,                         TECUM***

18                                       **(U.S.D.C. Eastern District of Texas)**
19             Defendants.
                                         Date:    August 15, 2008
20                                       Time:    9:00 a.m.
                                         Dept.:   Courtroom 10, 19th floor
21                                       Judge:   The Honorable Susan Illston

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

There is much less to this dispute then Vignette would have the Court believe:

- Defendants seek a category of documents relating to how the StoryServer product was incorporated and/or implemented in user's websites;

- A subpoena that duly issued from this Court commands production of that discovery;

- Vignette does not dispute it is relevant;

- Vignette has refused to produce the documents.

Nothing else matters.  In particular, whether or not the disputed discovery was called for in an earlier subpoena does not matter.  The discovery has not been produced, it clearly is the subject of the subpoena issued from this Court, and Vignette offers no sound grounds for objecting to production.

Defendants were forced to bring a motion to compel because non-party Vignette refuses to provide highly relevant information responsive to a subpoena properly issued from this District where Vignette has offices.  Through its motion, Defendants seek specific information responsive to a single request in its subpoena, namely documents and things relating to the incorporation of Vignette's StoryServer product in user websites.  *See* Declaration of Ryan Tyz in Support of Defendant's Motion to Compel Non-Party Vignette Corporation's Compliance With Subpoena *Duces Tecum* ("Tyz Decl."), Docket No. 8, Ex. 3, Request No. 6.  Vignette is the original owner of the patent asserted in this case, and it is in the best position to provide this information. Vignette does not dispute the relevance of this information, nor can it.  Instead, in its opposition, Vignette makes four arguments for its refusal to produce this relevant information.  None of them have merit.

First, Vignette claims such information is duplicative of information already requested in another subpoena and subject to an order relating to that subpoena.  Vignette's argument relies on a mischaracterization of the parties' treatment of the prior subpoena.  As explained in Defendants' opposition to Vignette's motion to quash, correspondence among the parties makes clear, Vignette disputed that this information was called for by the earlier subpoena and did not produce it.  To obviate any issue, Defendants issued another subpoena that unambiguously sought the

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   information.  Vignette's opposition now admits that Defendants seek "*customer*" implementations

2   of the patented product, which cannot reasonably be construed as seeking documents about the

3   incorporation of the patented feature into Vignette product.  Vignette also attempts to make more

4   out of the "order" relating to the first subpoena than it really was.  That order simply directed the

5   parties to meet and confer before bringing the matter to the court.  No motion to compel had been

6   brought, and the discovery sought in this court had never been discussed between the parties.

7   Because the parties thought they resolved the issues under the previous subpoena, neither of them

8   responded to the Court's order directing *both* parties to show cause why the matter should remain

9   open.  Thus, neither the subpoena nor order addresses the dispute here. Second, Vignette asserts

10  that it should not have to produce the relevant information because it is bound by

11  "confidentiality" restrictions imposed by its customers.  Not only has Vignette failed to support

12  its blanket objection (beyond a declaration stating that Vignette must provide notice of disclosure

13  to its customers), Vignette offers no explanation for why it has not provided them notice or why

14  the present protective order does not sufficiently address any confidentiality concerns.  Notably,

15  Vignette did not argue confidentiality prevented the production of documents relating to the

16  incorporation of the patented feature into Vignette products, which was requested in Defendants'

17  first subpoena, but rather that none of those type of documents existed.

18          Third, Vignette argues that the discovery sought by Defendants' motion is unnecessary

19  given its purported agreement to produce the StoryServer source code.[1]  Vignette is mistaken, and

20  its argument highlights further the difference between Defendants' requests.  Although source

21  code would show the implementation of the patented subject matter *in StoryServer*, which was the

22  subject of Defendants' prior request, the source code would not show what customers were doing

---

[1] This argument is ironic as Vignette has not produced its source code despite having previously
agreed to do so.  Contemporaneous with its objections here, it questioned the adequacy of the
*interim* protective order that *its counsel negotiated* in the SBJ litigation.  In any event, its
objections to the interim protective order should now be moot.  The Court has recently ordered
entry of the protective order after having resolved a dispute between the parties.  *See* Case No.
2:07-cv-00120 (E.D. Tex.), Docket No. 105.  The order provides that "[a] nonparty producing
information or material . . . may designate such material or information in the same manner *and
shall receive the same level of protection . . . as any party to this lawsuit*." (emphasis added).  *Id.,*
at Docket No. 108 (Proposed Protective Order).  Defendant's counsel also have made clear that
they would provide Vignette the same level protection.  Vignette's objections based on
confidentiality are now moot.

REPLY BRIEF IN SUPPORT OF                         3                    Case No.  3:08-mc-80109
DEFENDANTS' MOTION TO COMPEL

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    with StoryServer to operate their websites, what services Vignette was providing them to create

2    desired functionality (with the patented feature *or otherwise*), and the myriad of ways (including,

3    as Defendants expect using prior art techniques) Vignette customers were provided

4    personalization functionality, which is what Defendants seek here.

5         Fourth, Vignette argues that as a "third party" it is unduly burdensome to have to produce

6    more than a couple hundred documents in this case. By its own admission, however, Vignette is

7    not a typical third party. Indeed, "Vignette retained a percentage interest in any future

8    'monetization' event, such as . . . a judgment." *See* Third Party Vignette Corporation's Response

9    to Defendants' Motion to Compel ("Vignette's Response"), Docket No. 18, at p. 5. Given its

10   financial interest in the outcome of this case, Vignette should not be able to shun its discovery

11   obligations by claiming "third party" status.

12        Because the information sought by the motion to compel is extremely important to

13   Defendants case, and given that Vignette's excuses for not producing this information have no

14   merit, Defendants respectfully request that the Court order Vignette to produce the information

15   immediately.

16   **I.    DEFENDANTS' REQUEST IS NOT DUPLICATIVE OF ANY REQUEST IN ITS
         PREVIOUS SUBPOENA, AS VIGNETTE'S OPPOSITION CONFIRMS**

17

18        Vignette's main argument for not producing relevant information is that Defendants

19   already sought this information in a previous subpoena from another district and that the issuing

20   court ordered that Vignette did not have to produce it (even though it is indisputably relevant).

21   This contention relies on an interpretation of Defendants' previous subpoena and a

22   characterization of an order relating to that subpoena that Vignette knows is not accurate.

23   Moreover, whether or not the discovery now sought was called for in the earlier subpoena is

24   irrelevant. There is a valid subpoena, issued from this Court, for relevant discovery, which is not

25   the subject of any substantive order preventing its production.

26        Although Defendants have fully addressed this argument in their opposition to Vignette's

27   motion to quash the subpoena, a couple points bear emphasis here.

28        Vignette's opposition to Defendants' motion to compel concedes that the requests are not

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

duplicative.  Indeed, in it, Vignette argues that "Defendants seek to compel the production of any information that Vignette possess *regarding 'Vignette customers' website system[s]' into which StoryServer was implemented.*"  Vignette's Response, at p. 7.  While this is true, this is not the same information that Defendants sought in their previous subpoena relating to the *implementation of the patented subject matter in StoryServer.*  Tyz Decl., Ex. 6.  Vignette provides no logical argument demonstrating that these requests are identical beyond extrapolating a few words out of the previous request to argue there is "some" overlap.  Beyond a few words, the point and substance of the requests are directed at different categories of information.  More importantly, there are documents Vignette has and is refusing to produce about incorporation of StoryServer into user's websites.  As the correspondence between counsel demonstrates, Vignette knows the two requests seek different information, and that its argument that they seek the same information exalts form over substance to obstruct relevant discovery.  Tyz Decl. ¶¶ 6-9, Ex. 7.

Moreover, Vignette's argument that an order on the previous subpoena protects it from producing relevant discovery is specious.  That order merely directed the parties to meet and confer on the scope of the requests, nothing more.  It was entered three days after Vignette moved for a protective order, and before Defendants even responded.  There was no hearing, and nothing in the order addresses the substance of Defendants' requests.  That order did not provide Vignette "protection" from producing *relevant* documents, and Vignette's attempt to argue that it did is wholly unavailing.

## II.    VIGNETTE'S CONFIDENTIALITY OBJECTION IS UNSUPPORTED, AND ADDRESSED BY THE PROTECTIVE ORDER IN THIS CASE

Vignette's next argument that the information requested is subject to confidentiality restrictions imposed by its customers is unsupported and not a genuine bar to discovery.  Vignette offers nothing in support of its bare assertion that confidentiality restrictions (such as the actual agreements) prevent it from producing the requested materials.  *See Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 617 (N.D. Cal. 2006) (overruling unsupported claim for confidentiality under Rule 26(c)).

In addition, Vignette fails to explain why the protective order—which was drafted by its

1    patent prosecution counsel and pursuant to which Vignette has already produced documents—is

2    insufficient to protect the confidentiality of the information.  Vignette's unsupported

3    confidentiality objection does not provide it with a basis for withholding highly relevant

4    materials.  To the extent any agreement[2] does impose upon Vignette a duty to notify its

5    customers, Vignette has had months to do so.  In any event, non-disclosure agreements typically

6    provide that a receiving party may disclose confidential information when ordered by a Court.[3]

7    Thus, an order granting Defendants' motion to compel will largely relieve Vignette of its

8    confidentiality obligations for purposes of complying with Defendants' subpoena, making

9    Vignette's objection moot.

10   **III.   VIGNETTE'S STORYSERVER SOURCE CODE IS NOT THE SAME AS THE SYSTEMS INTO WHICH IT IS IMPLEMENTED**

11

12            Vignette's argument that the production of source code for its StoryServer product should

13   resolve the issue presented by the motion to compel only underscores its misunderstanding of

14   Defendants' subsequent request as duplicative of the previous one.  There is a stark difference

15   between, on the one hand, source code which shows the operation of Vignette's StoryServer

16   product, and a customer website that provides personalization functionality, on the other.  While

17   StoryServer source code will show the operation of the patented subject matter, it alone will not

18   show how customers implemented it to provide or augment the personalization functionality of

19   their websites.

20            As explained in Defendants' motion to compel and opposition to Vignette's motion to

21   quash, Vignette expects its customers to need additional design and development services to

22   incorporate StoryServer and other technology into a working solution providing functionality the

23   user desires.  Tyz Decl., Ex. 8.  Defendants believe information about this integration which is in

24   Vignette's possession, custody and control is likely to show the existence of prior art products

25   that the industry knew could be combined with certain functionality in StoryServer to provide the

26   functionality of the patented technology, that the StoryServer functionality was and could be

27   ---
     [2] Significantly, Defendants are not aware of Vignette having produced any agreement that would prevent the discovery sought.

28   [3] Vignette has not come forward with any contrary agreement or contended its purported agreements otherwise provide.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

provided in numerous non-infringing ways, that the StoryServer functionality was indistinguishable from what is now accused, and was available to Vignette customers using prior art products of which Vignette's inventors were aware, and which were not disclosed to the Patent and Trademark Office, that any commercial success attributable to the patented technology is minimal at best, and, at the very least, the state of and level of skill in the art during the relevant period.  Such aspects of the technology are not fully addressed by Vignette's source code.

## IV.    VIGNETTE IS NOT A TYPICAL THIRD PARTY, AND ITS CLAIM OF UNDUE BURDEN SHOULD BE REJECTED

Finally, to avoid producing relevant information, Vignette seeks to cast itself as a mere third party even though it admits it has a financial interest in the outcome of this case.   As explained previously, Vignette is not a disinterested third party, but rather an entity that has "retained a percentage interest in any future 'monetization' event, such as … a judgment" on the patent-in-suit.  Vignette's Response, at p. 5.  In fact, Vignette has a stake in a successful outcome by plaintiff in this case.  Vignette characterization of the transaction assigning the patent to SBJ as "arms length" is irrelevant, as Vignette has every incentive to stonewall producing relevant information that may prevent it from realizing such a financial benefit.  Magistrate Judge Everingham, who is presiding over the underlying litigation, already rejected the attempt of SBJ and Vignette to distance themselves from each other.  In connection with a protective order dispute, Judge Everingham stated: "when I consider Vignette, I'm going to consider them as though they were a Plaintiff in the case, given what their relationship is with the current Plaintiff."  Tyz Decl., ¶ 4.  As third party beneficiary to any successful litigation on the patent in suit, Vignette has an obligation to provide the relevant discovery.  These discovery obligations were well known to Vignette when it assigned the patent to SBJ, and Vignette should not be permitted to escape its discovery obligations by claiming undue burden as a disinterested third party.  *See Micron Tech., Inc. v. Tessera, Inc.*, C06-80096, 2006 U.S. Dist. LEXIS 42072, *8 (N.D. Cal. June 14, 2006) (holding a third party's "general arguments about the burden of responding to [a] subpoena" insufficient to deny discovery about its marketing of product at issue in infringement litigation); Fed R. Civ. Proc. 45(d) Advisory Committee Notes, 1991 Amendment

1    ("Paragraph (d)(1) extends to non-parties the duty imposed on parties").

2          Furthermore, Vignette is in the best position to provide this information.  Rather than

3    producing it, Vignette argues that Defendants should subpoena hundreds of Vignette customers to

4    get the same information that resides all within one company, Vignette.  The burden on

5    Defendants and the numerous third parties would be far greater proceeding as Vignette proposes,

6    than simply ordering Vignette to provide the relevant information in its possession, custody and

7    control.

8    **V.    CONCLUSION**

9          For the foregoing reasons, as well as those stated in Defendants' motion to compel and

10   opposition to motion to quash,  Defendants respectfully request that the Court compel Vignette to

11   produce to the discovery sought by Request No. 6 of Defendants' subpoena by a date certain.

12

13   Dated: August 1, 2008                        FENWICK & WEST LLP

14

15                                               By: */s/ Ryan Tyz*
                                                        Ryan Tyz

16                                               LYNN H. PASAHOW (CSB NO. 054283)
17                                               lpasahow@fenwick.com
                                                 J. DAVID HADDEN (CSB NO. 176148)
18                                               dhadden@fenwick.com
                                                 DARREN E. DONNELLY (CSB NO.
19                                               194335)
                                                 ddonnelly@fenwick.com
20                                               RYAN TYZ (CSB NO. 234895)
                                                 rtyz@fenwick.com
21
                                                 FENWICK & WEST LLP
22                                               Silicon Valley Center
                                                 801 California Street
23                                               Mountain View, CA  94041
                                                 Telephone:    (650) 988-8500
24                                               Facsimile:    (650) 938-5200

25                                               Attorneys for Defendants
26                                               Amazon.com, Inc. and Borders Group, Inc.

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW